| «.CARTER, Chief Judge.
This is an appeal from a judgment awarding the face amount of a check, as well as penalties, attorney fees and court costs pursuant to LSA-R.S. 9:2782.2, because a stop payment order was issued on the check.
FACTUAL BACKGROUND
On or about Thursday, May 7, 1998, defendant, Cleo Fields & Associates, L.L.C. (Fields), issued a check payable to Paul Carney in the amount of $1,300. The check was dated May 9, and represented an advance partial payment for painting and plastering work to be performed by Carney at the Fields future law office building. Carney accepted the check and started the job. Cleo Fields, one of the owners of Fields, left the building to tend to other business. When he returned to the building on the evening of May 7, Carney was not present; Carney’s employee who was present was intoxicated and still drinking; and the building was a mess. Cleo Fields was unable to reach Carney that night, but he spoke with Carney on May 8 to complain about the condition of the building and the lack of progress. Cleo Fields told Carney that he had a serious problem with the work being done and that Carney was not to cash the check. Carney was silent on whether he had already cashed the check or not and agreed to meet with. Cleo Fields at the building on Saturday, May 9. When Carney failed to meet Cleo Fields on May 9, Cleo Fields contacted the Bank of Zachary, the drawee of the check, and requested the issuance of a stop payment order on the check. The Bank of Zachary issued the stop payment order on Saturday, May 9.
On either May 9, 10 or 11, Carney went to plaintiff, Ancona’s Stop and Save, Inc. (Ancona’s), to cash the check from Fields. Ancona’s owner, Roy Ancona, testified that he called the Bank of Zachary to verify that at least $3,500 was in the Fields account before cashing the check. Roy An-cona did not recall whether he asked the bank if any stop payment order had been issued on the particular check. Roy Anco-na did not call the Fields office to verify the existence of the business and/or the validity of the check because he regularly had business dealings with Cleo Fields. Roy Ancona examined the check and determined that everything looked “in order.” Accordingly, Roy Ancona remitted the face value of the $1,300 check, less a 2% processing fee, to Carney. The | .-¡check was deposited into Ancona’s bank account on May 11. Subsequently, Roy Ancona received a notice that the check had been returned because payment had been stopped.
*172 Upon receipt of the “payment stopped” notice on the check, Roy Ancona’s brother began an investigation into the matter and reportedly learned that Cleo Fields had requested the issuance of the stop payment order on the check because of dissatisfaction with the work being done by Carney. When Ancona’s efforts to have Fields honor the check failed, it hired an attorney and sent a certified demand letter to Fields to tender payment of the face value of the check, plus a service charge, within 80 days. Fields received the letter on July 16, 1998, and did not comply with the demand.
PROCEDURAL HISTORY
On September 8, 1998, Ancona filed suit against Fields for twice the face amount of the check, legal interest, attorney fees and court costs, pursuant to LSA-R.S. 9:2782.2.[2] Fields answered the petition, denying that Ancona’s was a holder in due course of the check and asserting that a justifiable dispute existed regarding the amount owed and the existence of the obligation because Carney gave no consideration for the check. Fields also asserted a third party demand for indemnification against Carney.
A trial was held in September 1999, at which Roy Ancona and Cleo Fields testified. At the conclusion of the trial, the trial court determined that Ancona’s was a holder in due course, Cleo Fields did not order the stop payment with an intent to defraud, and Fields had a justifiable dispute with Carney. However, the trial court determined that there was no justifiable dispute between Fields and Ancona’s and thus Fields was hable to Ancona’s for the penalty damages and attorney fees provided in R.S. 9:2782.2. The trial court signed a judgment against Fields on November 23, 1999, awarding Ancona’s $2,600 in damages, $500 in attorney fees, plus legal interest and court costs. The judgment also granted Fields’s third party demand against Carney.
UFields appeals the judgment asserting one assignment of error. Fields contends that the trial court erred in awarding statutory penalties and attorney fees prescribed by R.S. 9:2782.2 when the evidence showed that Fields did not stop payment on the check with the intent to defraud Carney and that a justifiable dispute existed as to the amount owed, if any, by Fields to Carney.
INTERPRETATION OF R.S. 9:2782.2
The interpretation of R.S. 9:2782.2 is at issue in this appeal. This statute provides, in pertinent part, as follows:
A. Whenever any drawer of a check stops payment on the check with the intent to defraud or when there is no justifiable dispute as to the amount owed or the existence of the obligation, the drawer shall be liable to a holder in due course ... for damages of twice the amount so owing, but in no case less than one hundred dollars, plus attorney fees and court costs, if the drawer fails to pay the obligation created by the check within thirty days after receipt of written demand for payment thereof substantially in the form provided for in Subsection C which notice is delivered by certified or registered mail.
B. The holder in due course may charge the drawer of the check a service charge not to exceed fifteen dollars or five percent of the face amount of the check, whichever is greater, when making written demand for payment.
C. (1) Before any recovery under Subsection A of this Section may be *173 claimed, a written demand ... shall be sent by certified or registered mail to the drawer of the check at the address shown on the instrument ....
Thus, pursuant to R.S. 9:2782.2 A, a holder in due course of a check that is the subject of a stop payment order is entitled to a penalty of twice the face amount of a check plus attorney fees and court costs if the drawer fails to pay the obligation created by the check within thirty days after receipt of written demand for payment. However, this penalty provision applies only: 1) whenever the drawer stops payment on the check with the intent to defraud, or 2) when there is no justifiable dispute as to either the amount owed or the existence of the obligation.
In the present case, the parties admit that Fields had no intent to defraud anyone by requesting the stop payment order. However, the parties disagree as to whether the “justifiable dispute” referenced in R.S. 9:2782.2 A must be between the drawer and holder in due course, or if the existence of a justifiable dispute between the drawer and payee is sufficient to preclude the imposition of penalties and attorney fees on the | .^drawer.[3] Fields asserts that a justifiable dispute between Fields (the drawer) and Carney (the payee) precludes an award of penalties and attorney fees to Ancona’s (the holder in due course). Conversely, Ancona’s contends that because there was no justifiable dispute between Fields (the drawer) and Ancona’s (the holder in due course), it is entitled to penalties and attorney fees. Moreover, in its appellee’s brief, Ancona’s admits that a justifiable dispute as to the amount owed existed between Fields and Carney, but argues that the penalties and attorney fees award was proper because there was no justifiable dispute as to the existence of the obligation between Fields and Carney.
Initially, we note that this statute providing for penalties and attorney fees is penal in nature and must be strictly construed. See Patterson v. Long, 96-0191, p. 15 (La.App. 1st Cir.11/8/96), 682 So.2d 1327, 1336, writ denied, 96-2958 (La.2/7/97), 688 So.2d 499. Moreover, when a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. LSA-C.C. art. 9; Mayo v. Municipal Police Board of Review, 98-1864, p. 7 (La.App. 1st Cir.11/5/99), 745 So.2d 188, 193.
We find R.S. 9:2782.2 A to be clear and unambiguous. It clearly states that the penalties and attorney fees are owed unless there is a justifiable dispute. In using the term “justifiable dispute,” the legislature did not specifically provide that the justifiable dispute had to be between the drawer and holder in due course. If the legislature intended to require that the justifiable dispute exist between the drawer and holder in due course to avoid the imposition of penalties and attorney fees (and that a justifiable dispute between the drawer and payee would not be sufficient to avoid the imposition of penalties and attorney fees), it could have easily stated such a specific requirement in | fithe statute. Because it did not, we find that a justifiable dispute between the drawer and pay *174 ee is sufficient to preclude the imposition of penalties and attorney fees on the drawer pursuant to R.S. 9:2782.2, even where there is no justifiable dispute between the drawer and holder in due course. This interpretation does not lead to absurd results.
Additionally, to require the “justifiable dispute” contemplated in R.S. 9:2782.2 to exist between the drawer and holder in due course as Ancona’s suggests would lead to absurd results. Such an interpretation would result in making a drawer like Fields pay TWICE for services that were never rendered. This is because Ancona’s, as a holder in due course,[4] was not subject to the personal defenses that Fields, as drawer, may have to the payment of the check. We find that Fields had the right to contest the alleged holder in due course status of Ancona’s and was therefore justified in not paying the face value of the check when it received written demand from Ancona’s for payment of the check. Once the trial court determined that Anco-na’s was a holder in due course and Fields did not contest this determination, Fields became liable for the face amount of the check, $1,300, but not penalties and attorney fees.
In light of the mandated strict construction that we must afford penal statutes, we find that the trial court erred in determining that the justifiable dispute had to be between Fields, as drawer, and Ancona’s, as holder in due course, to avoid the imposition of penalties and attorney fees under R.S. 9:2782.2. The existence of a justifiable dispute between Fields and Carney as to the amount owed was sufficient to preclude an award of penalties and attorney fees under R.S. 9:2782.2.
Furthermore, we reject Ancona’s argument that a dispute as to both the existence of the obligation and the amount owed had to be present to avoid penalties and attorney fees. Had this been the intent of the legislature, it would have used the conjunctive “and” rather than the disjunctive “or” in R.S. 9:2782.2 A. See Blackburn v. National Union Fire Insurance Company, 2000-2668, p. 4 (La.4/3/01), 784 So.2d 637, 640. Through the use of “or,” it is clear that the existence of a justifiable dispute as to either the amount owed or the existence of the obligation is sufficient to preclude an award of penalties and attorney fees. Thus, we find that the award of penalties and attorney fees must be reversed.
CONCLUSION
For these reasons, that part of the trial court judgment awarding a $1,300 statutory penalty and $500 in attorney fees to Ancona’s is reversed. In all other respects, the judgment is affirmed.[5] Costs of this appeal are assessed equally between Fields and Ancona’s.
REVERSED IN PART; AFFIRMED IN PART.
WEIMER, J., concurs with reasons.

. The suit was initially styled a petition on an "NSF check”; however, it was later amended to assert a claim for damages on a "stop payment check” pursuant to R.S. 9:2782.2.

. According to Black's Law Dictionary, 6th Edition, the drawer of a check is the person who signs a check. A payee is the person in whose favor the check is made or drawn, or the person to whom a check is made payable. A payor is the one who pays or who is to make a payment of a check. The drawee of a check is the bank on which it is drawn. Finally, a holder in due course is the holder of an instrument who took it for value, in good faith and without notice of any claim or defense against it, and who can enforce the instrument free from all claims and personal defenses.

. Fields contested Ancona's status as a holder in due course at trial. The trial court ruled that Ancona’s was a holder in due course. On appeal, Fields does not contest this finding.

. We note that in its written demand for payment of the check, Ancona's demanded recovery of the face amount of the check and a $65 service charge (5% of $1,300) pursuant to R.S. 9:2782.2 B. However, in its petition, An-cona's did not seek recovery of the service charge. Thus, the trial court did not award the amount of the service charge as an element of recovery. Ancona's has not appealed, answered the appeal or raised this issue in its brief; thus, recovery of the service charge is not an issue before us.