# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## NO. 04-1097


**WRIGHT & MORENO, L.L.C.**

**VERSUS**

**DR. RICHARD CLEMENT AND EMILY CLEMENT**


************

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT,
PARISH OF CALCASIEU, NO. 2003-3144,
HONORABLE ALCIDE GRAY, DISTRICT JUDGE

************

**JIMMIE C. PETERS**
**JUDGE**

************

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Glenn B. Gremillion, Judges.


**AFFIRMED IN PART AND REVERSED IN PART.**


**K. Michael Wright**
**Richard Moreno**
**Ike A. Hobaugh**
**Wright & Moreno, L.L.C.**
**203 West Clarence**
**Lake Charles, LA 70601**
**(337) 439-6930**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
     **Wright & Moreno, L.L.C.**

**Steven W. Hale**
**Steven W. Hale & Associates, Inc.**
**1735 Ryan Street**
**Lake Charles, LA 70601-6049**
**(337) 433-0612**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**

**Dr. Richard Clement and Emily Clement**

PETERS, J.

Dr. Richard Clement and his wife, Emily (the Clements), appeal a portion of a default judgment entered against them by the trial court in favor of Wright & Moreno, L.L.C. (Wright & Moreno). For the following reasons, we affirm the award of attorney fees and reverse the award of penalties.

## DISCUSSION OF THE RECORD

Wright & Moreno is a professional limited liability company performing legal services for clients. Between May 1, 2002, and February 28, 2003, it performed legal services for the Clements and billed them $5,834.92 for the services rendered. When the Clements failed to pay for the services rendered, Wright & Moreno instituted this collection suit, seeking the amount owed together with penalties and attorney fees.

The Clements failed to respond to the suit, and, on July 2, 2003, Wright & Moreno requested and obtained a judgment of default. Thereafter, on July 9, 2003, Wright & Moreno presented evidence to the trial court in support of its demands. After considering the evidence presented, the trial court entered judgment in favor of Wright & Moreno and against the Clements, awarding Wright & Moreno $5,834.92 on the open account obligation, $1,200.00 in attorney fees, and $3,964.60 in penalties. The Clements appeal only the attorney fee and penalty awards.

## OPINION

At the July 9, 2003 trial, Wright & Moreno offered as evidence in support of their demands the testimony of Rena Baldwin, the firm's accountant, as well as the following exhibits:[1]

1.    Wright & Moreno statements for professional services rendered.

---

[1]Wright & Moreno actually offered the entire record into evidence, and these exhibits were attached to the original petition.

2. A copy of a $3,964.60 check made payable to Michael Wright, drawn on the Clements' Whitney National Bank checking account, signed by Emily Clement, dated February 7, 2003, and bearing the notation "For Legal services." The check also bears the stamped notation on its face "RETURNED UNPAID NSF."

3. A statement from Bank One, dated February 13, 2003, and addressed to Wright & Moreno, stating that the $3,964.60 check had been returned because the account upon which it was drawn did not contain sufficient funds to cover it.

4. A copy of a letter from Wright & Moreno dated May 8, 2003, and addressed to the Clements, informing them of Bank One's failure to honor the check dated February 7, 2003, and making demand for payment of the dishonored check and a service charge.

Ms. Baldwin testified that she deposited the $3,964.60 check on behalf of Wright & Moreno and that the check was returned, accompanied by the Bank One February 13, 2003 statement.

### *Attorney Fee Issue*

Attorney fees may be awarded on a suit on open account provided that the plaintiff complies with the requirements of La.R.S. 9:2781. That statute provides:

> A. When any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. Citation and service of a petition shall be deemed written demand for the purpose of this Section. If the claimant and his attorney have expressly agreed that the debtor shall be liable for the claimant's attorney fees in a fixed or determinable amount, the claimant is entitled to that amount when judgment on the claim is rendered in favor of the claimant. Receipt of written demand by the person is not required.
> B. If the demand is forwarded to the person by first class mail to his last known address, a copy of the demand shall be introduced as evidence of written demand on the debtor.
> C. If the demand is made by citation and service of a petition, the person shall be entitled to pay the account without attorney fees by delivering payment to the claimant or the claimant's attorney within ten days after service of the petition in city courts and fifteen days after service of the petition in all other courts.

2

D.  For the purposes of this Section and Code of Civil Procedure Articles 1702 and 4916, "open account" includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions.  "Open account" shall include debts incurred for professional services, including but not limited to legal and medical services.  For the purposes of this Section only, attorney fees shall be paid on open accounts owed to the state.

E.  As used in this Section, "person" means natural and juridical persons.

Wright & Moreno filed suit on June 10, 2003, and it is undisputed that the Clements were served with citation and suit on June 12, 2003.  The trial court rendered judgment on July 9, 2003.  Thus, less than thirty days had lapsed between service on the Clements and confirmation of the judgment.  The Clements argue that La.R.S. 9:2781 allows them thirty days in which to pay the open account and that, because Wright & Moreno did not wait thirty days before obtaining judgment against them, it is not entitled to an award of attorney fees.

The May 8, 2003 demand letter addressed only the failure of Whitney National Bank to honor the Clements' $3,964.60 check and cannot be used as written demand of the total amount due, $5,834.92.  Thus, the issue to be resolved in this appeal is whether citation and service of the open account petition is subject to the thirty-day requirement of La.R.S. 9:2781(A) or the fifteen-day requirement of La.R.S. 9:2781(C).  We conclude that the latter period applies.

If read in a vacuum, La.R.S. 9:2781(A) would require that a plaintiff relying on citation and service of the petition as written demand wait thirty days after citation and service before being entitled to an attorney fee award.  However, we cannot read that section in a vacuum but must construe it *in pari materia* with La.R.S. 9:2781(C).  Our conclusion that the fifteen days is the appropriate period is supported by the legislature's amendment of the statute in 2001.

3

Prior to 2001, La.R.S. 9:2781(A) provided only a fifteen-day requirement for the written notice and did not provide for the use of citation and service of the petition as adequate written notice. In that year, 2001 La. Acts No. 1075, § 1, amended La.R.S. 9:2781(A) to change the fifteen-day requirement to thirty days and added the sentence allowing use of citation and service of the petition as a form of written demand. The same Act added what is now La.R.S. 9:2781(C).

While poorly drafted, it is clear that the amendment intended to accomplish two objectives: (1) increase the time in which a person could avoid payment of attorney fees after written demand from fifteen to thirty days and (2) provide that citation and service of the petition would also serve as written demand, but subject to only a fifteen-day avoidance window.[2] This fifteen-day window corresponds to the time limit in which a defendant must answer a petition. *See* La.Code Civ.P. art. 1001.

Because the Clements had fifteen days after service to avoid payment of attorney fees by paying the account in full and because they failed to do so, we find no error in the trial court's award of attorney fees. Thus, we find the Clements' assignment of error in this regard to be without merit.

### *Penalty Issue*

The trial court awarded penalties pursuant to La.R.S. 9:2782.2. The pertinent language is found in La.R.S. 9:2782.2(A), which states that "[w]henever any drawer of a check *stops payment on the check* . . . the drawer shall be liable . . . for damages of twice the amount so owing, but in no case less than one hundred dollars, plus attorney fees and court costs, if the drawer fails to pay the obligation created by the check within thirty days after receipt of written demand for payment thereof

---

[2]The avoidance window is ten days if the open account action is pursued in city court.

4

substantially in the form provided for in [La.R.S. 9:2782.2(C)] . . . ." (Emphasis added).  Because La.R.S. 9:2782.2 is a penalty statute, it must be strictly construed.  *Ancona's Stop & Save, Inc. v. Cleo Fields & Assocs., L.L.C.*, 00-0760 (La.App. 1 Cir. 6/22/01), 809 So.2d 170.

In the matter before us, there exists no evidence that the Clements *stopped payment* on the $3,964.60 check.  Whitney National Bank refused to honor the check because the Clements' account did not contain sufficient funds to pay the check.  Applying the required strict construction to La.R.S. 9:2782.2, we find that the trial court erred in awarding Wright & Moreno penalties.

## DISPOSITION

We affirm the attorney fee award and reverse the penalty award.  We assess all costs equally between Wright & Moreno, L.L.C. and Dr. and Mrs. Richard Clement.

**AFFIRMED IN PART AND REVERSED IN PART.**

5