# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 04-1632

## LAFAYETTE PARISH SCHOOL BOARD

## VERSUS

## LOUISIANA WORKERS' COMPENSATION SECOND INJURY BOARD

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20041913
HONORABLE GLENNON P. EVERETT, DISTRICT JUDGE

**********

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE
**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, J. David Painter, and James T. Genovese, Judges.

**AFFIRMED.**

**Larry Lane Roy**
**Brian T. Roy**
**Preis, Kraft & Roy**
**102 Versailles Boulevard - Suite 400**
**Lafayette, LA 70509**
**Telephone: (337) 237-6062**
**COUNSEL FOR:**
    **Plaintiff/Appellant - Lafayette Parish School Board**

**Charles C. Foti, Jr.**
**Attorney General**
**Matthew Robert Richards**
**Assistant Attorney General**
**Karl L. Scott**
**Assistant Attorney General**
**P. O. Box 44187**
**Baton Rouge, LA 70804-4187**
**Telephone: (225) 219-4212**
**COUNSEL FOR:**
    **Defendant/Appellee - Louisiana Workers' Compensation Second**
    **Injury Board**

THIBODEAUX, Judge.

In this workers' compensation case, a Lafayette Parish School Board (hereinafter "School Board") employee sustained a work-related injury. The School Board paid the requisite workers' compensation benefits to the employee. It alleges that the claimant suffered from a pre-existing back injury, and now the School Board seeks reimbursement for the costs from the Louisiana Workers' Compensation Second Injury Fund. The Second Injury Board denied the claim, and the School Board appealed to the district court. The district court granted a peremptory exception of prescription adverse to the school board. For the following reasons, we affirm.

I.

## ISSUE

We will consider whether the trial court properly granted the peremptory exception of prescription in favor of the Louisiana Workers' Compensation Second Injury Board.

II.

## FACTS

This workers' compensation issue arises out of a work-related accident suffered by Mr. Lee Castille while employed by the Lafayette Parish School Board. The School Board paid workers' compensation indemnity benefits and medical expenses as a result of Mr. Castille's injury. The School Board subsequently filed a claim with the Louisiana Workers' Compensation Second Injury Board (Second Injury Board) seeking reimbursement of costs associated with Mr. Castille.

1

After review of the evidence, the Second Injury Board sent notice, on January 20, 2004, by U.S. Mail, that a decision would be rendered at the March 4, 2004 meeting. On March 4, 2004, the Second Injury Board denied the School Board's claim for reimbursement. Written notice of the March 4, 2004 denial was sent on March 5, 2004, via U.S. Mail to F.A. Richards & Associates (FARA), the School Board's third party administrators. The School Board claims that FARA did not receive the written notice of the denial until March 15, 2004. The School Board filed an appeal on April 15, 2004. The Second Injury Board filed a peremptory exception of prescription which was granted by the trial court at a hearing on August 16, 2004. The School Board appeals this judgment.

III.

**LAW AND DISCUSSION**

An appellate court must determine whether the trial court committed manifest error when granting the peremptory exception of prescription. "An appellate court may not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong." *Mouton v. White*, 98-1663, p. 3 (La.App. 3 Cir. 3/31/99), 741 So.2d 77, 79.

Louisiana Revised Statutes 23:1378 governs the process of appealing a decision of the Second Injury Board. It states, in pertinent part, that:

> (e) Written notice of the decision of the board shall be given to all parties to the hearing, and the decision of the board shall be final; however, an appeal therefrom may be taken by any of the parties within thirty days after the date of the decision of the board.

In this case, the Second Injury Board argues that thirty days begins to run the day after the decision was rendered on March 4, 2004. The School Board makes much of the fact that the written notice was not received until March 15, 2004 and,

2

therefore, believes that the thirty days should not start to accrue on the day decision is rendered.

The School Board argues that under the Second Injury Board's literal interpretation, if notice was mailed after the thirty-day period had expired, parties would fail to appeal timely according to La.R.S. 23:1378. We agree that this interpretation would lead to an absurd result, compliance with the statute would be difficult, and would certainly prejudice the aggrieved party. Due process requires more.

We look to the notice requirements in the Louisiana Code of Civil Procedure to be read *in pari materiae* with the notice requirements of La.R.S. 23:1378. *See* La.Code Civ.P. art. 13; *See generally Wright & Moreno, L.L.C. v. Clement*, 04-1097 (La.App. 3 Cir. 12/08/04), 891 So.2d 704. Louisiana Code of Civil Procedure Article 1313 establishes the requirements for service by mail, delivery, or facsimile. More importantly, La.Code Civ.P. art. 1974 sets forth the delay in reviewing a decision and clearly states that this "commences to run on the *day after the clerk has mailed*, or sheriff has served, the notices of judgment required by Article 1913." (Emphasis added). *See also* La.Code Civ.P. art. 2087 (delay for taking a devolutive appeal); La.Code Civ.P. art. 2123 (delay for taking a suspensive appeal).

We also observe the notice requirements for review of a Workers' Compensation Judge's decision established by a hearing and appellate procedure statute, La.R.S. 23:1310.5. Louisiana Revised Statutes 23:1310.5(B) states in pertinent part: "The delay for filing an appeal commences to run on the day after the judgment was signed or on the day after the district office has mailed the notice of judgment as required by Louisiana Code of Civil Procedure Article 1913, whichever is later." After considering the language of La.R.S. 23:1378, and other statutes *in*

3

*pari materia*, it is clear that the delay begins on the day after a judgment is mailed to the parties.

In this case, the parties stipulated the mailing date was March 5, 2004. By extension, the School Board should have filed an appeal on April 4, 2004. Instead it filed its appeal on April 15, 2004, forty-one days after the commencement of the delay to appeal. Accordingly, the School Board failed to appeal timely. We further note that the School Board filed thirty-one days from the date of receipt by FARA on March 15, 2004. Its claim is prescribed even if the prescriptive period began to run on the date of receipt of the adverse decision.

Thus, on its face, the appeal is untimely and the burden is shifted to the School Board to explain why the claim has not prescribed. There is no indication in the record as to any hardships or reasons for the untimely appeal by the School Board. After review of the record, we find the trial court did not commit manifest error in granting the peremptory exception of prescription in favor of the Second Injury Board.

The School Board further asserts that notice was not sent to "all interested parties" as required by LAC 40 §109(A), in that FARA, not the School Board, received the notice. As a result, it argues, the time has not began to run for the School Board. This issue was not presented to the trial court, and thus we will not consider it for the first time on appeal.

IV.

**CONCLUSION**

For the foregoing reasons, we affirm the trial court's judgment granting the peremptory exception of prescription in favor of the Louisiana Workers'

4

Compensation Second Injury Board. All costs of this appeal are assessed to the plaintiff-appellant, Lafayette Parish School Board.

**AFFIRMED**.