917 So.2d 1197 (2005)
ROYAL AIR, INC., Plaintiff-Appellant,
v.
PRONTO DELIVERY SERVICE, INC., Defendant-Appellee.
No. 38,939-CA.
Court of Appeal of Louisiana, Second Circuit.
December 14, 2005.
Mills, Turansky & Associates, by George H. Mills, Jr., David C. Turansky, Shreveport, for Appellant.
*1198 Walter F. Johnson, III, Shreveport, for Appellees.
Before PEATROSS, DREW & MOORE, JJ.
PEATROSS, J.
Royal Air, Inc. ("Royal") filed suit for collection of a check in the amount of $3,070.41 given to Royal by Pronto Delivery Service, Inc. ("Pronto") in payment for servicing an airplane leased by Pronto, but on which Pronto subsequently issued a stop payment order. Pronto answered and reconvened for damages. The trial court ruled in favor of Royal, awarding the amount of the check, and ruled against Pronto on its affirmative defense and reconventional demand. Royal appeals, challenging the trial court's failure to award double the amount of the check in accordance with La. R.S. 9:2782.2. Pronto did not answer the appeal; as such, the only issue on appeal is the propriety of the award to Royal for the amount of the check only under that statute. For the reasons stated herein, we affirm.

FACTS
Pronto contracted with Royal to service the engine on one of its airplanes. Royal contracted with a third party to rebuild the engine and Royal was to take the engine out of the airplane, have it rebuilt and re-install the engine. After doing the work, Royal delivered the airplane to Pronto and required payment in the amount of $3,070.41 on delivery. Pronto was to test-fly the airplane. One of Pronto's pilots took the plane for a short (incomplete) test flight with no problems. Later the same day, the pilot was going to make a longer test flight, but had trouble and lost engine power shortly after take off. The airplane "crash" landed, with the landing gear collapsing on impact. Pronto stopped payment on the check and Royal sent a demand letter to collect. When Pronto refused to pay, Royal filed suit to collect on the check. The original petition sought double the amount of the check plus attorney fees pursuant to La. R.S. 9:2782.2. Pronto reconvened for damages, alleging that Royal had improperly repaired the airplane.
After finding that the malfunction was unrelated to the servicing of the airplane by Royal, the trial court awarded Royal the face amount of the check plus attorney fees in the amount of $3,500 and Pronto's reconventional demand was dismissed. The court concluded that Royal was not entitled to the statutory penalty of double the face amount of the check, finding no intent to defraud by Pronto and that there had been no showing of a lack of a justifiable dispute as required by the statute.

DISCUSSION
The applicable statute is La. R.S. 9:2782.2 which provides, in pertinent part, as follows:
§ 2782.2. Stop-payment order on checks; damages, attorney fees
A. Whenever any drawer of a check stops payment on the check with the intent to defraud or when there is no justifiable dispute as to the amount owed or the existence of the obligation, the drawer shall be liable to a holder in due course as defined in R.S. 10:3-302, or a person subrogated to the rights of such holder, for damages of twice the amount so owing, but in no case less than one hundred dollars, plus attorney fees and court costs, if the drawer fails to pay the obligation created by the check within thirty days after receipt of written demand for payment thereof substantially in the form provided for in Subsection C which notice is delivered *1199 by certified or registered mail. (Emphasis added.)
Initially, we note that the statute provides for penalties and attorney fees and is penal in nature and must be strictly construed. Ancona's Stop and Save, Inc. v. Cleo Fields & Associates, L.L.C., 00-0760 (La.App. 1st Cir.6/22/01), 809 So.2d 170. Further, a clear and unambiguous law shall be applied as written, where its application does not lead to absurd consequences, and no further interpretation may be made in search of the intent of the legislature. Id.
There are few cases interpreting and applying 9:2782.2. In Ancona's Stop and Save, Inc., supra, the first circuit explained the statute as follows:
Thus, pursuant to R.S. 9:2782.2 A, a holder in due course of a check that is the subject of a stop payment order is entitled to a penalty of twice the face amount of a check plus attorney fees and court costs if the drawer fails to pay the obligation created by the check within thirty days after receipt of written demand for payment. However, this penalty provision applies only: 1) whenever the drawer stops payment on the check with the intent to defraud, or 2) when there is no justifiable dispute as to either the amount owed or the existence of the obligation. (Emphasis added.)
As previously stated, the trial court ruled in favor of Royal in the amount of the check only; it did not double the amount as is possible under the above statute. The trial court stated:
R.S. 9:2782.2 requires intent to defraud and the absence of a justifiable dispute as to the existence of the obligation. The Court does not believe Jeff Boyd or Pronto intended to defraud Royal Air, and certainly, there was a justifiable dispute between the parties which ultimately, this Court, by virtue of trial and this ruling, has resolved. (Emphasis added.)
Royal argues that it was legal error for the court to interpret the statute in the conjunctive, requiring that there be intent to defraud and the absence of a justifiable dispute as to the amount owed or the existence of the obligation. Royal further asserts that "justifiable" is not determined by the subjective opinion of the drawer in making the decision to stop payment on a check; rather, it is a legal question concerning whether there is a legally sustainable basis that provides the drawer with some type of relief from its underlying obligation to the payee. According to Royal, since Pronto's claim in its reconventional demand was found meritless, i.e., the airplane was not improperly repaired, its decision to stop payment on the check was not "legally sustainable" and, therefore, not "justifiable" under 9:2782.2.
Pronto submits that a fair reading of the trial court's reasons does not support the statement that the court found the requirements of the statute to be conjunctive. According to Pronto, the court simply and clearly found no intent to defraud and then moved to the question of whether there existed a justifiable dispute. Pronto argues that there was a justifiable dispute in light of the airplane's malfunctions and that the existence of such justifiable dispute is not dependent upon the trial court's ultimate determination that there was or was not liability on the part of Royal for those malfunctions. Pronto states that the fact that the trial court found that Royal was not legally responsible for the malfunctions does not necessarily mean that there was no justifiable dispute at the time the stop payment order was issued, thereby shielding Pronto from the penal provision of the statute. We agree.
*1200 First, we find that the statute clearly provides, in the disjunctive, that, in order for the penalty to apply, the payee must either have had the "intent to defraud" or "no justifiable dispute exists" as to the amount or existence of the obligation. While we recognize that the trial judge used the conjunction "and" in his reasons for ruling, we find it apparent from a reading of the entirety of the judge's reasons that he first found no intent to defraud and, therefore, moved to the second possibility under the statute, i.e., whether a justifiable dispute existed. We conclude that the statute was correctly interpreted and applied in this regard.[1]
Next, we turn to the determination by the trial court that there existed a justifiable dispute as to the existence of the obligation so as to preclude operation of the penalty outlined in the statute. The concurring judge in Ancona's Stop and Save, Inc., supra, addressed what he termed a "temporal" element embodied in the statute:
The statute uses the word "when," signifying a temporal consideration regarding the portion of the statute which reads, "when there is no justifiable dispute as to the amount owed or the existence of the obligation." Thus, the critical evaluation is whether there was a justifiable dispute with the holder in due course when the stop payment was issued. (Emphasis in original.)
We agree with this interpretation. To base the existence of a justifiable dispute as to the amount owed or existence of the obligation on the ultimate determination of a court of law on the merits of the underlying claim is untenable. The statute was designed to protect a holder in due course from an arbitrary stop payment order issued by a payee who has no reasonable basis, at the time the payee stops payment, for not paying a debt owed to the holder. We agree with Pronto that the trial court is vested with the discretion to make the determination of whether such reasonable basis for issuing the stop payment, i.e., whether a justifiable dispute existed.
In the case sub judice, the airplane that had been serviced by Royal had experienced an electrical failure requiring an emergency landing during the second test-flight after the service was complete. Shortly thereafter, Pronto issued a stop payment order on the check. The malfunctions of the airplane on the test-flight provided Pronto a reasonable basis to conclude that the repairs may not have been made properly. We conclude, therefore, that, at the time the stop payment order was issued, there existed a justifiable dispute as to the existence of the obligation. The trial court was correct in denying Royal's request for penalties under the statute.

CONCLUSION
For the foregoing reasons, the judgment of the trial court in favor of Royal Air, Inc. is affirmed. Costs of appeal are assessed to Royal Air, Inc.
AFFIRMED.
NOTES
[1] Nevertheless, the appeal lies from the judgment itself, not the reasons for judgment. Kirkham v. Pumphrey, 34,349 (La.App.2d Cir.12/20/00), 775 So.2d 634, writ denied, 01-0201 (La.3/30/01), 788 So.2d 1191.